**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| Toinina Williams, | ) | |
| | ) | Civil Action No. ___3:21cv645___ |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **(Trial By Jury Demanded)** |
| | ) | |
| UHS of Delaware, Inc., | ) | |
| Universal Health Services, Inc., | ) | |
| and Atlantic Regional Central | ) | |
| Business Office, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Toinina Williams, by counsel, and moves this Court for entry of judgment in her favor against Defendants UHS of Delaware, Inc., Universal Health Services, Inc., and Atlantic Regional Central Business Office (collectively "UHS" or the "UHS Defendants") and in support of her Complaint states as follows:

## INTRODUCTION

1.     Plaintiff Toinina Williams brings this action against the UHS Defendants pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for unlawful discrimination based on her disability by failing to reasonably accommodate her disability in the application and hiring process, discriminating against her in the application and hiring process, and failing to hire her because of her disability.

## PARTIES

2.     Plaintiff Toinina Williams is a citizen and resident of the County of Chesterfield, Commonwealth of Virginia.

3.      Defendant UHS of Delaware, Inc. is a business entity formed and existing under the laws of the State of Delaware, with a principal place of business in the City of King of Prussia, Commonwealth of Pennsylvania.  At all times relevant herein, Defendant UHS of Delaware, Inc. transacted business, contracted to supply services or things, and maintained an interest in real property in the Commonwealth of Virginia and the City of Richmond.

4.      Defendant Universal Health Services, Inc. is a business entity formed and existing under the laws of the State of Delaware, with a principal place of business in the City of King of Prussia, Commonwealth of Pennsylvania.  At all times relevant herein, Defendant Universal Health Services, Inc. transacted business, contracted to supply services or things, and maintained an interest in real property in the Commonwealth of Virginia and the City of Richmond.

5.      Defendant Atlantic Regional Central Business Office is a subsidiary of Defendant Universal Health Services, Inc. through a management contract with Defendant UHS of Delaware, Inc., with a principal place of business in the City of Richmond, Commonwealth of Virginia.  At all times relevant herein, Defendant Atlantic Regional Central Business Office transacted business, contracted to supply services or things, and maintained an interest in real property in the Commonwealth of Virginia and the City of Richmond.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

8.      Plaintiff timely filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC") that included within its scope the claims alleged herein and brought pursuant to the ADA.  On or about February 12, 2021, the EEOC issued a Determination

in the Plaintiff's favor with regard to denying a reasonable accommodation for the Plaintiff's disability and failing to hire the Plaintiff due to her disability.  The Plaintiff received a Notice of Right to Sue from the EEOC dated July 15, 2021 and is filing this action within ninety (90) days of her receipt thereof.

## FACTS AND ALLEGATIONS

9.      Plaintiff Toinina Williams is deaf, and her primary language is American Sign Language ("ASL").

10.     On or about March 20, 2019, Defendants contacted Plaintiff Toinina Williams to inform her that a Commercial Billing Manager was interested in interviewing her for the position of Commercial Billing Specialist and inquiring as to her interest in the position.

11.     On or about March 20, 2019, Plaintiff and a Human Resources representative of Defendant UHS of Delaware, Inc. and/or Defendant Atlantic Regional Central Business Office spoke regarding the available position and to arrange an interview. Plaintiff informed the Human Resources representative that she would need an ASL interpreter for the interview.

12.     On or about March 21, 2019, Defendants' Human Resources representative confirmed the previous day's conversation with Plaintiff and confirmed that Plaintiff would need an ASL interpreter for the interview for the open position.  Plaintiff responded that she would need the interpreter.

13.     On or about March 27, 2019, Plaintiff contacted Defendants' Human Resources representative regarding the interview because Plaintiff had not received any communication from Defendant since confirming she would need an ASL interpreter.

14.     On or about March 27, 2019, Defendants' Human Resources representative informed Plaintiff that Defendants had decided to close the position to external applications, and

she would not be interviewed or considered for the position.  This was a pretext for discriminating against the Plaintiff in the manners alleged herein.

15.     Defendants refused to provide an ASL interpreter for Plaintiff to accommodate her disability and allow her to interview for the open position.

16.     Plaintiff was qualified for the Commercial Billing Specialist position such that Defendants' refusal to interview Plaintiff and allow her to compete for the position was a refusal to hire Plaintiff because of her disability.

17.     Plaintiff was able to perform the essential functions of the Commercial Billing Specialist position with a reasonable accommodation of an ASL interpreter for meetings, performance evaluations, and other important events.

**FOR A FIRST CAUSE OF ACTION**
**Discrimination in Violation of the Americans With**
**Disabilities Act, 42 U.S.C. § 12112**
**(Against All Defendants)**

18.     Plaintiff incorporates the allegations contained in paragraphs 1 through 17 as if specifically set forth herein.

19.     Each Defendant is a "covered entity" within the meaning of 42 U.S.C. § 12111(2).

20.     Each Defendant was an "employer" within the meaning of 42 U.S.C. § 12111(5).

21.     Plaintiff is a person with a "disability" within the meaning of 42 U.S.C. § 12102. Plaintiff's deafness is a physical impairment that substantially limits one or more major life activities.

22.     Plaintiff was a "qualified individual" with regard to the employment position she sought with Defendant within the meaning of 42 U.S.C. § 12111(8).  Plaintiff could perform the essential functions of the Commercial Billing Specialist position with or without a reasonable accommodation.

4

23.    Defendants refused to interview Plaintiff for the Commercial Billing Specialist position because of her disability and/or because of her need for an accommodation.

24.    Defendants refused to provide a reasonable accommodation to Plaintiff so that she could compete for the open position and complete the interview and application process, and/or removed her from the list of candidates because of her disability.

25.    Defendants unlawfully discriminated against the Plaintiff, in violation of 42 U.S.C. §12112, on the basis of disability with regard to job application procedures and hiring in the following particulars:

       a.    Limiting, segregating, or classifying a job applicant in such a way that adversely affects the opportunities or status of such applicant because of the disability of such applicant;

       b.    Participating in a contractual or other arrangement or relationship that has the effect of subjecting a qualified applicant with a disability to the discrimination prohibited in this subchapter;

       c.    Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; and

       d.    Denying employment opportunities to a job applicant who is an otherwise qualified individual with a disability based on the need to make a reasonable accommodation to the physical or mental impairments of the applicant.

26.    Defendants and Defendants' representatives acted with malice or with reckless indifference to Plaintiff's federally protected rights in the above acts of discrimination.

27.     As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered injuries and damages including lost wages and benefits, embarrassment, humiliation, emotional distress, and other harm.

**PRAYER FOR RELIEF**

28.     Plaintiff prays that this Court grant judgment against the Defendants as follows:

    a.  For an Order awarding equitable relief, including appropriate back pay and front pay;

    c.  For an Order awarding compensatory damages, including emotional distress, mental anguish, humiliation and embarrassment;

    d.  For an Order awarding punitive damages; and

    e.  For an Order awarding Plaintiff's attorney's fees and costs incurred in bringing this action.

**JURY DEMAND**

29.     Plaintiff demands a trial by jury.

Respectfully submitted,

TOININA WILLIAMS

/s/ William C. Tucker
William C. Tucker (VSB No. 40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
(833) 388-2537 Phone
(833) 388-2537 Fax
bill.tucker@tuckerlawplc.com

*Attorney for Plaintiff*